Van Brunt, P. J.
Without, in any manner, admitting that the court had any power to authorize the defendant, as receiver of the Erie Railway Company, to execute the guaranty sued upon, we will proceed to consider a question which seems to lie at the foundation of this whole action, and which is fatal to any recovery upon the part of the plaintiff.
At the time of these various transactions the plaintiff was a director and the president of the National Stock Yard Company. That company and the Union Stock Yard and Market Company were in the actual possession of the premises, the lease of which was on the 8th of April, 1875, taken by the plaintiff. By the instrument of the 28th of May, 1875, whether the same was delivered to the Union Stock Yard and Market Company or not, the plaintiff declared over his hand and seal that he had taken the lease not for his individual benefit, but for the benefit of the stock yard companies, and that this was the fact seems to harmonize entirely with the whole of the action of the. parties. '
It is true that Robinson, the plaintiff, subsequently as *227 signed the whole of this lease to the National Stock Yard Company by an instrument bearing date the 23d day of July, 1875.
But in view of the subsequent transactions between the National Stock Yard Company and the Union Stock Yard and Market Company it is apparent that that transfer was made in the interests of both of those corporations, because we find that as prior to the lease, so from the moment the lease went into operation these two companies continued to carry on their business upon these premises uninterrupted by any of these changes in the nominal proprietorship of the lease of the premises occupied by them, and on the 12th of January, 1876, by the instrument bearing date the 25th of October, 1875, and executed by the National Stock Yard Company through the plaintiff its president and the Union Stock Yard and Market Company through Mr. Butcher its president, the rights of these two companies are definitely fixed.
At the time of the execution of the guaranty which forms the basis of this suit, the plaintiff as has been above stated was a director and president of the National Stock Yard Company and the Erie Railway company the largest stockholder of that company, and the plaintiff had taken this lease for the benefit of the stock yard companies and was in equity bound to transfer the lease to the stock yard com-j panies upon demand.
It is true that there seems to be some confusion in regard' to the interests which these various stock yard companies had in this lease; the plaintiff at one time alleging that he held the lease for the benefit of the two companies and at another assigning the whole of the lease to the National] Stock Yard company.
It does not appear however to be very material as to' whether he intended to assign the whole of the lease to the' National Stock Yard company because that company hadi notice of the equitable claims of the Union Stock Yard and I Market Company, and could not hold the lease as against■ those claims of the Union company, and recognized such rights by the agreement signed as before stated oh the 12th of January, 1876.
The agreement sued upon is sought to be maintained upon the grounds:
First. That the plaintiff was not bound to assign because of his official position and therefore upon his agreeing to assign he had the right to make such terms as he saw fit.
Second. That Robinson was not under contract to assign the lease to the National Stock Yard Company, and
Third. Had the plaintiff been under an express agreement with the National Stock Yard Company to assign to *228 it the lease on demand without indemnity yet the contract in suit would have been for a valid and valuable consideration.
The claim that the plaintiff was not bound to assign because of his official position and that he was under no agreement to assign seems to run counter to all the evidence in the case and to the express declaration in writing of the plaintiff himself. He has over his own hand and seal declared that he took, this lease for the benefit of the National Stock Yard Company and the Union Stock Yard and Market Company, which is the most formal and decisive kind of evidence that could be offered in favor of the obligation resting upon him.
In view of this declaration it is not necessary for us to consider what would have been the obligation arising from his official position had he taken the lease to himself individually, being at the time a director and president of the National Stock Yard Company.
No matter what may be the general rule in reference to parties to a promise of reward for the fulfillment of a legal obligation, it is perfectly apparent that the plaintiff could not, and it would be against aE the rules of pubhc policy, governing the relations of the officers of corporations to the stockholders and to the corporations themselves to allow such officers to take a bonus for doing that which it was their duty to do for the benefit of their cestuis que trust.
If the plaintiff’s position can be maintained, then he as president of the National Stock Yard Company, having in his possession property which he declares to belong to that company, can exact a bonus from the largest stockholder of the company, as a condition of giving it up to the company.
The mere statement of this proposition seems to show that no such rule could possibly obtain in any court of justice. It might be true that the plaintiff would have had the right to claim indemnity upon the transfer of this lease, and that if the court had any power to authorize the receiver to execute a guaranty, such guaranty to that extent might be binding. But when a bonus is exacted, which the one-fifth of the profits clearly was, then there is an abuse of the trust imposed in the director and president of the corporation, which cannot form a basis of recovery in any court.
It seems to us that the plaintiff’s. proposition needs no argument to contradict it. It carries its answer upon its very face, and need only be stated in order to be distinctly understood.
If the citation of any authority is needed the case of The Metropolitan Railway Company v. The Manhattan Rail *229 way Company and others (11 Daly, 373), and the cases therein cited sufficiently discuss the grounds upon which the rule above stated is founded, and need no repetition here.
It is true that the learned referee did not base his decision upon this point, but it appears in the case, as a question which was raised upon the trial, was discussed by the counsel upon both sides and is conclusive as to the right of the plaintiff to recover.
It has not been considered necessary to determine the question whether the contract was valid as a guaranty or not; nor as to whether it was the contract of the defendant or of the Erie Railway Company; nor as to whether there was any proof as to profits or any error in the exclusion of evidence in reference to that issue because none of these points have any relevancy whatever to the question which has been hereinbefore considered.
The result is that the judgment should be affirmed with costs.
Bartlett and Daniels, JJ., concur.